

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-838
Re: County Clerk - Recording fees.

Your request for opinion has been received and considered by this department. We quote from your letter of request as follows:

"A large oil operator has delivered to the County Clerk two hundred leases which, under the law governing charges for recording such instruments, would cost about $6.50 each, or a total of around $1300.00. The oil operator's attorney requested that his client be permitted to have the records printed by the stationery house from whom we buy our Deed Records, the Clerk filling in only names of the Lessors, description of the land, and the acknowledgments. The operator paying for the costs of printing the record book and paying the County a reasonable sum for the typing to be done.

"We find no provision in the law for varying from the fees charges and while we would be glad to accommodate the attorney and his client, we prefer your opinion as to whether or not we can lawfully do this in the manner requested."

Article 3930, Revised Civil Statutes of Texas, sets out the legal fees of the county clerk.

We respectfully call your attention to the



Hon. B. F. McKee, Page 2

following portion of Article 3932, Revised Civil Statutes of Texas, to-wit:

"....No county clerk shall be compelled to file or record any instrument of writing permitted or required by law to be recorded until the payment or tender of payment of all legal fees for such filing or recording has been made. Nothing herein shall be held to include papers or instruments filed or recorded in suits pending in the county court." (underscoring ours)

Article 3896, Revised Civil Statutes of Texas, provides that all district, county and precinct officers shall keep correct statements of all fees earned by them in a book provided for that purpose, etc.

Article 3897, Revised Civil Statutes of Texas, provides as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in this office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party

Hon. E. F. McKee, Page 3

owing said fees, commissions and compensations.
Said report shall be filed not later than Feb-
ruary 1st following the close of the fiscal year
and for each day after said date that said re-
port remains not filed, said officer shall be
liable to a penalty of Twenty Five ($25.00) Dol-
lars, which may be recovered by the county in
a suit brought for such purposes, and in addi-
tion said officer shall be subject to removal
from office."

Article 102, Penal Code of Texas, reads as fol-
lows:

"Any county officer or any district attor-
ney to whom fees or costs are allowed by law who
shall fail to charge up the fees or costs that
may be due under existing laws, or who shall remit
any fee that may be due under the laws, or who
shall fail to make the report required by law,
or who shall pay his deputy, clerk or assistant
a less sum than specified in his sworn statement,
or receive back as a rebate any part of the com-
pensation allowed such deputy, clerk or assistant,
shall be fined not less than twenty-five nor more than
five hundred dollars. Each act forbidden by this
article is a separate offense."

This department held in a letter opinion written
by Hon. R. C. Waters, Assistant Attorney General, dated
September 26, 1931, addressed to Hon. George Hansler, that
a county clerk has no authority under Article 3932, Revis-
ed Civil Statutes of Texas, to record instruments without
collecting fees for same and that he is held responsible
for all work done whether collected for or not.

You are therefore respectfully advised that it
is the opinion of this department that it is the duty of
the county clerk to charge and collect the legal fees in
full before recording the instruments.

Trusting that this satisfactorily answers your

Hon. B. F. McKee, Page 4

inquiry, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

APPROVED DEC 13, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

